## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE LEE )<br>Plaintiff )<br> )<br>V. )<br> )<br>SAFECO INSURANCE COMPANY )<br>OF AMERICA d/b/a SAFECO )<br>INSURANCE A LIBERTY MUTUAL )<br>COMPANY, )<br>Defendant. ) | CIVIL ACTION FILE<br>N0. CIV-14-523-HE<br><br><br>JURY DEMANDED |

### ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel and on behalf of herself individually, comes Janice Lee, who respectfully represents as follows:

### I. PARTIES

1. The Plaintiff Doris Lee is an individual who resides in and is a resident of Cleveland County, Oklahoma.

2. Upon information and belief, the Defendant, Safeco Insurance Company of America is a foreign insurance corporation incorporated and domiciled in the State of Washington with its principle place of business located in Massachusetts and is licensed to and regularly conducts insurance business in the State of Oklahoma and specifically on the risk involved herein. Defendant may be served with process through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, John Doak, Oklahoma Insurance Commissioner Oklahoma Insurance Department, Five Corporate Plaza, 3625 N.W. 56th Street, Suite 100, Oklahoma City, Oklahoma 73112.

3. Upon information and belief, the Defendant Safeco Insurance Company of

America does business as Safeco Insurance, a Liberty Mutual company (hereafter "Safeco" or "Defendant").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the minimum sum or value required thereunder, exclusive of interest and costs, and is an action between citizens of different states.

5. Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and the property that is the subject of this action is situated within this district.

## III. FACTS

6. Plaintiff is the owner of an Oklahoma Insurance Policy issued by the Defendant and assigned policy number OY6982302. (hereinafter referred to as the ("Policy").

7. Plaintiff is the owner of the insured property, which is specifically located at 9204 S. Hillcrest Drive, Oklahoma City, Oklahoma 73159. (hereinafter referred to as the "Property").

8. Defendant and/or a combination of unknown third parties sold the Policy insuring the Property to the Plaintiff.

9. On or about May 20, 2013, a tornado struck Cleveland County and he surrounding counties of central Oklahoma causing damage to homes and businesses throughout the area, including Plaintiff's residential Property.

10. Plaintiff was an insured of Defendant through a certain policy of insurance, policy number OY6982302, issued to her by Safeco and covering Plaintiff's residence in Cleveland County.

11. On or about May 20, 2013 Plaintiff's home sustained damage by an occurrence covered under the insurance policy.

12. Plaintiff notified Defendant of the insured occurrence making a claim under her homeowner's policy requesting Defendant to investigate, evaluate and pay the claim.

13. Defendant assigned an adjuster to investigate Plaintiff's claim for damage sustained by the tornado.

14. Defendant's adjuster unreasonably adjusted Plaintiff's claim by conducting an outcome based assessment of her damages, and failing to properly adjust the claim as required by the contract and by Oklahoma statute.

15. Specifically, Defendant's adjuster spent only a few minutes actually inspecting Plaintiff's property, thereby failing to discover the damage to Plaintiff's home.

16. Defendant also improperly denied damage to the interior of Plaintiff's home was caused by the tornado.

17. Plaintiff provided all information requested regarding her claim, such as to be a proper proof of loss, and Plaintiff requested Defendant re-inspect and re-evaluate Plaintiff's claim.  Despite Plaintiff's request, the full value of Plaintiff's claim remains unpaid.

### IV. THEORIES OF LIABILITY AGAINST DEFENDANT

### A. Cause of Action for Breach of Contract

18. Plaintiff incorporate all previous allegations by reference.

19. Defendant Safeco unreasonably and arbitrarily breached its contract with Plaintiff and made an unfair and unreasonable investigation and evaluation that the damage to Plaintiff's property. Defendant performed an outcome based assessment of Plaintiff's property and failed to properly include all of the damage to Plaintiff's property including the interior, drywall, flooring, roofing, and other materials that was damaged by the covered occurrence.

20. As a result of this breach of contract, Plaintiff has sustained damage and other loss in excess of $75,000.00 as follows

    a. Compensatory damages against Defendant in an amount greater than $75,000.00, including but not limited to unpaid benefits and contractual interest on benefits owed;

    b. Prejudgment and post-judgment interest;

    c. Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

    d. Such other and further relief the Court deems appropriate under the circumstances presented

### B. Cause of Action for Bad Faith

21. Defendant knowingly and intentionally handled Plaintiff's insurance claim as a matter of routine business practice in handling like claims under like policies.

22. Defendant has breached duty to deal fairly and in good faith with its insured as part of its business practice in handling Plaintiff's claims, including but not

limited to:

    a. failing to promptly, properly, reasonably and fairly investigate, evaluate and fully pay Plaintiff's claim;

    b. failing to offer settlement within a reasonable time after a reasonable investigation and evaluation should have been made regarding the damages that Defendant failed to document in its evaluation of Plaintiff's home;

    c. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim;

    d. in failing to make an unbiased investigation and evaluation and to fairly consider evidence contrary to Safeco's interests and in favor of its insured;

    e. Unfairly and unreasonably looking for ways to reduce Plaintiff's claim instead of fairly and reasonably investigating, evaluating and paying Plaintiff's claim.

23. As a consequence of Defendant's acts and conduct, the Plaintiff has been damaged and has suffered loss of coverage benefits as well as consequential damages.

**C. Claim for Punitive Damages**

24. The acts of Defendant Safeco are oppressive, intentional, malicious, willful, wanton and with utter and reckless disregard for its duty to deal fairly and act in good faith with the Plaintiff, it's insured, entitling Plaintiff to punitive damages so as to punish Defendant and make an example of it to other insurance companies.

### V. JURY DEMAND

25. Plaintiff asserts her right to a trial by jury in this matter.

### VI. PRAYER

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00, interest, costs, attorney's fees prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILIAMS & ASSOCIATES, P.L.L.C.**

810 Highway 6 South, Suite 111
Houston, Texas 77079
(832) 230-4125 (Telephone)
(832) 230-5310 (Facsimile)

By: /s/ *Joe Williams*
    Joe Williams
    Federal ID. No. 997092
    State Bar No. 24063066

*Attorney to be noticed*

*Application for admission to the Western District of Oklahoma to follow*